# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CASE-MATE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| CELLULARBOYS, LLC,  d/b/a ) | |
| CELLULAR BOYS, and d/b/a ) | |
| CELLULARBOYS ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff, Case-Mate, Inc. ("Plaintiff" or "Case-Mate"), as and for its Complaint against defendant, CellularBoys, LLC, d/b/a Cellular Boys, and d/b/a CellularBoys ("Defendant" or "CellularBoys"), alleges upon personal knowledge as to its own acts and as to events taking place in its presence, and upon information and belief as to all other facts, as follows:

## NATURE OF THIS ACTION

1.     This is an action for tortious interference, trademark infringement, and unfair and deceptive business practices in violation of G.L. c. 93A.  As described more fully below, Defendant has competed unfairly with Case-Mate by inducing certain Case-Mate Authorized Dealers ("Authorized Dealers") to transship Case-Mate products to them with full knowledge that such Authorized Dealers are contractually prohibited from selling to Defendant by their contracts with Case-Mate.  These actions by Defendant are tortious, infringe on Case-Mate's trademarks, and constitute unfair and deceptive business practices.

2.     As a result of Defendant's actions, Case-Mate is suffering a loss of the vast goodwill it has created in its trademarks and is losing profits from lost sales of properly distributed products.  This Complaint seeks permanent injunctive relief and damages for Defendant's infringing and tortious conduct.  Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce irreparable injury to Case-Mate.

### JURISDICTION AND VENUE

3.     Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a), which confer original jurisdiction upon this Court for all civil actions arising under the laws of the United States and any act of Congress relating to trademarks, respectively.  In addition, supplemental jurisdiction over related state law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

4.     Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts pursuant to the Massachusetts long-arm statute, because Defendant has systematically and continuously conducted business in the Commonwealth through Amazon.com and its website; because Defendant has caused tortious injury to Case-Mate's trademarks within the Commonwealth; because Defendant has caused tortious injury to Case-Mate's dealer(s) located in Massachusetts; because Defendant practices the unlawful conduct complained of herein, in part, within the Commonwealth; because the unlawful conduct complained of herein causes tortious injury, in part, within the Commonwealth; because the Defendant regularly does or solicits business within the Commonwealth; because the Defendant regularly and systematically directs electronic activity into the Commonwealth with the manifest intent of engaging in business within the Commonwealth, including the sale and/or

~#4811-5656-9106 v.5 ~

offer for sale of products to Internet users within the Commonwealth, as well as, upon information and belief, entry into contracts with residents of the Commonwealth resulting in distribution of its products in the Commonwealth.  Similarly, because some of the Defendant's wrongful acts occurred in Massachusetts, including the acts of tortious interference, and offering for sale and sale of products that infringe upon Case-Mate's trademarks as discussed herein, venue is proper in this judicial district under 28 U.S.C. § 1391.  Furthermore, Case-Mate has dealers located in Massachusetts.  The conduct complained of herein directly effects Case-Mate dealers located within this venue which in turn harms Case-Mate. As a result of Defendant's conduct as described herein, a substantial part of the events or omissions giving rise to the claims and damages suffered occurred in this district.

## PARTIES

5.      Plaintiff Case-Mate, Inc. is a Georgia corporation with its principal place of business at 2048 Weems Road in Tucker, Georgia.  Case-Mate designs, manufactures, and sells a variety of carrying cases and accessories for personal electronic devices.

6.      Upon information and belief, Defendant CellularBoys, LLC, d/b/a Cellular Boys and d/b/a CellularBoys is a California business with an address of 1365 North Dynamics Street, Suite E, Anaheim, California 92806.  CellularBoys markets and sells products on multiple online marketplaces including, but not limited to, Amazon.com ("Amazon") and its website cellularboys.com (the "Website").  CellularBoys registered an user account named "Cellularboys" with Amazon through which, along with its Website, all its now known unlawful and infringing activities have been conducted.

~#4811-5656-9106 v.5 ~

**BACKGROUND**

7.      Case-Mate sells products directly to customers *via* its Internet site, Case-Mate.com, via Amazon, and through its network of Authorized Dealers.  Case-Mate has and continues to designate significant resources to develop and maintain its products' national and international image and that of its Authorized Dealer network.

8.      Through this market of Authorized Dealers, Case-Mate has fostered a recognized image of quality and customer support.

9.      All Authorized Dealers are required to execute a Dealer Agreement whereby they agree in the manner in which they must promote and sell Case-Mate products in order to maintain and foster Case-Mate brand equity (a "Dealer Agreement").

10.      The Dealer Agreement limits Authorized Dealers to selling Case-Mate products to the end user.  Resellers who induce Authorized Dealers to sell Case-Mate products to them tortiously interfere with this Dealer Agreement.

**DEFENDANT'S MISCONDUCT**

11.      Defendant is not currently, and never has been, an Authorized Dealer.

12.      Defendant sells a variety of Case-Mate products through its Amazon account and through its Website.

13.      Upon learning of the large and constant volume of Case-Mate products distributed by Defendant, on October 30, 2012, Case-Mate sent a letter to Defendant informing it of Case-Mate's Dealer Agreements.  In the letter, Case-Mate specifically informed Defendant that the terms of such Dealer Agreements prohibit Authorized Dealers from selling Case-Mate products to other unauthorized dealers such as Defendant.

~#4811-5656-9106 v.5 ~

14.     Case-Mate's letter informed Defendant that further solicitation and inducement of Case-Mate products from Authorized Dealers was tortious, and demanded that Defendant immediately discontinue such misconduct.

15.     After receiving the letter from Case-Mate, Defendant continued to induce Authorized Dealers to breach their respective contracts with Case-Mate by providing Defendant with Case-Mate products.

16.     After receiving no response to its October 30 letter, Case-Mate sent another letter to Defendant on November 9, 2012, again asking it to cease interfering with Case-Mate's Dealer Agreements.

17.     Defendant failed to respond to this letter as well.

18.     As Defendant continued to interfere with Case-Mate Dealer Agreements, Case-Mate had a third party purchase Case-Mate products from Defendant in an effort to determine the source of the products.

19.     The Case-Mate product purchased by the third party was shipped to an address in Massachusetts.

20.      Upon information and belief, Defendant continues to tortiously interfere with Case-Mate's Dealer Agreements by soliciting Authorized Dealers to sell Case-Mate products to it in violation of their Dealer Agreements with Case-Mate.

## SUBSTANTIAL HARM CAUSED BY DEFENDANT'S MISCONDUCT

21.     Defendant's actions substantially harm Case-Mate by depriving Case-Mate of the opportunity to earn profits from the sale of Case-Mate products to consumers.

~#4811-5656-9106 v.5 ~

22.     The sale of Case-Mate products by unauthorized dealers voids the Case-Mate warranty.  Accordingly, both consumers and Case-Mate are harmed when a Case-Mate product sold outside of authorized distribution is submitted for warranty repair.  Consumers of Defendant who purchase Case-Mate products expecting a full warranty are unable to obtain warranty service from Case-Mate in the event that they experience problems with their Case-Mate products.  As a result, Case-Mate's goodwill and reputation suffers.

23.     Defendant's conduct has also resulted in the dilution and tarnishment of Case-Mate's goodwill and trade name.

**COUNT I**
**TORTIOUS INTERFERENCE WITH CONTRACT /**
**ADVANTAGEOUS ECONOMIC RELATIONSHIP**

24.     Case-Mate hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

25.     Defendant is aware that Case-Mate has Dealer Agreements with each of its Authorized Dealers which prohibit them from selling Case-Mate products to other dealers.

26.     Case-Mate made Defendant aware of such Dealer Agreements on multiple occasions.

27.     Defendant is interfering with such Dealer Agreements by inducing Authorized Dealers to breach their Dealer Agreements with Case-Mate by selling Case-Mate products to Defendant.

28.     As Defendant has long been on notice of Case-Mate's Dealer Agreements with its Authorized Dealers, Defendant's actions of inducement are willful and designed to be an improper means of competing with Case-Mate for customers, both domestically and abroad.

~#4811-5656-9106 v.5~

29.     By reason of the foregoing, Case-Mate has been, and will continue to be irreparably harmed and damaged by Defendant's interfering conduct, unless such conduct is enjoined by this Court.

30.     By reason of the foregoing interference, Case-Mate has incurred actual damages and Defendant has been unjustly enriched.

## COUNT II
## VIOLATION OF CASE-MATE'S COMMON LAW AND FEDERAL TRADEMARK RIGHTS

31.     Case-Mate hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

32.     Case-Mate is the sole and exclusive owner of the federally registered mark CASE-MATE®, which is in several registrations on the U.S. Patent and Trademark Office's ("PTO") Principal Register.  Case-Mate has continuously used CASE-MATE® as a mark and the salient feature of its trade name since 2006.

33.     Case-Mate owns the following federal trademark and service mark registrations (along with the CASE-MATE® mark, collectively, the "CASE-MATE Marks") which are relevant to this action:

| Reg. No. | Reg. Date | Mark | Goods/Services |
|---|---|---|---|
| 3,246,753 | 5/29/2007 | CASE-MATE | IC 009. US 021 023 026 036 038. G & S: Carrying cases for personal electronic devices. |

| Reg. No. | Reg. Date | Mark | Goods/Services |
|---|---|---|---|
| 4,015,631 | 8/23/2011 |  | IC 009. US 021 023 026 036 038.Carrying cases for cell phones; Carrying cases for mobile computers; Cases for mobile phones; Cases for telephones; Cell phone cases; Computer carrying cases; Laptop carrying cases; Notebook computer carrying cases; Tablet computer carrying cases; Protective carrying cases for portable music players, namely, MP3 players; Protective covers and cases for cell phones, laptops and portable media players; Carrying cases including an auxiliary power source for personal electronic devices |
| 3,601,091 | 4/7/2009 |  | IC 009. US 021 023 026 036 038. G & S: Carrying cases for personal electronic devices. |
| 3,838,636 | 8/24/2010 |  | IC 009. US 021 023 026 036 038. G & S: Bags and cases specially adapted for holding or carrying portable telephones and telephone equipment and accessories; Carrying cases for cell phones; Cases for mobile phones; Cases for telephones; Computer carrying cases; Laptop carrying cases; Protective carrying cases for portable music players, namely, MP3 players; Protective carrying cases specially adapted for global positioning system (GPS) apparatus; Protective carrying cases specially adapted for personal digital assistants (PDA); Protective covers and cases for cell phones, laptops and portable media players. |

Said registrations are in full force and effect.

34.    The CASE-MATE Marks are well-known, famous, inherently distinctive and/or have acquired distinctiveness long prior to any use by Defendant.  The goodwill associated with the CASE-MATE Marks is a valuable asset, and Case-Mate has expended great effort and considerable resources in the promoting and advertising of its goods and services under the CASE-MATE Marks.

8

35.     As a result of this widespread and continuous use, the CASE-MATE Marks have become widely associated with Case-Mate, identify Case-Mate as the source of its goods and services sold, and represent the valuable goodwill of Case-Mate among members of the consuming public.  The goodwill associated with the CASE-MATE Marks is a valuable asset that provides Case-Mate the long term ability to compete in its marketplace.

36.     Due to differences in warranty, Defendant's unauthorized resale of Case-Mate products dilutes and diminishes the goodwill associated with the CASE-MATE Marks, as the products are materially different from the same products sold by Case-Mate and are not as a consumer would expect.

37.     Furthermore, Defendant is using the CASE-MATE Marks on the Website to confuse customers into believing that Defendants are associated with or endorsed by Case-Mate.  An example of one of the many infringing uses of the CASE-MATE Marks and logo can be found at the following web address: http://www.cellularboys.com/index.php/shop-by-brands/case-mate.html.

38.     By reason of the foregoing, Case-Mate has been, and will continue to be, irreparably harmed and damaged by the Defendant's infringing conduct, unless such conduct is enjoined by this Court.

## COUNT III
## VIOLATION OF G.L. c. 93A

39.     Case-Mate hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40.     Case-Mate and Defendant are in the conduct of trade or commerce within the meaning of G.L. c. 93A.

9

41.     As explained *supra*, Defendant's continued infringement upon Case-Mate's trademarks and interference with Case-Mate's Authorized Dealer network constitutes an unfair and deceptive business practice.

42.     By reason of the foregoing, Case-Mate has been, and will continue to be, irreparably harmed and damaged by Defendant's conduct, unless such conduct is enjoined by this Court.

**RELIEF REQUESTED**

WHEREFORE, Case-Mate prays for judgment in its favor and against Defendant providing the following relief:

A.     Enter judgment in favor of Case-Mate on the counts asserted herein and award damages on each of the counts;

B.     Award Case-Mate its reasonable attorneys' fees in bringing this action as mandated by G.L. c. 93A and as allowed under the Lanham Act;

C.     Award Case-Mate treble its damages as allowed by G.L. c. 93A;

D.     Award Case-Mate the costs incurred in bringing this action;

E.     Award Case-Mate pre and post judgment interest in the full amount allowed under the law;

F.     Enter a permanent injunction restraining and enjoining Defendant and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendant (or its agents) from its infringing and tortious resale of Case-Mate products; and

G.     All other relief as this Court deems just and proper.

~#4811-5656-9106 v.5 ~

## JURY TRIAL CLAIM

Case-Mate hereby requests trial by jury on all claims so triable.

Respectfully submitted,

Plaintiff,
Case-Mate, Inc.,
by its attorneys,

*/s/ Morgan T. Nickerson*
Christopher S. Finnerty (BBO # 657320)
chris.finnerty@nelsonmullins.com
Morgan T. Nickerson (BBO # 667290)
morgan.nickerson@nelsonmullins.com
Erik R. Lein (BBO# 673517)
erik.lien@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Sq., 30th Floor
Boston, MA 02109
p.   (617) 573-4700
f.   (617) 573-4710

Dated: January 17, 2013

11